IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK A. RASMUSSEN,

      Plaintiff,                        No. CIV S-06-2222 GGH

      vs.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

      Defendant.                   <u>ORDER</u>

_____/

        Presently before this court is plaintiff's motion for summary judgment, and defendant's motion for remand. Having reviewed the parties' filings, the court now issues the following order.

        The defendant's request for remand is brought on four grounds: to "1) further evaluate the medical evidence of record, including the findings of the Veteran's Administration; 2) further evaluate Plaintiff's mental impairment; 3) assess the material lay witness statements of record; and 4) obtaining additional evidence from a vocational expert to assess the impact of Plaintiff's impairments on his ability to work, and to assess any conflicts between the VE testimony and the Dictionary of Occupational Titles."

\\\\\

1

A review of plaintiff's summary judgment motion and reply indicates that remand is required not only for the issues enumerated by defendant, but also to consider other matters raised by plaintiff, such as an evaluation of plaintiff's credibility, reports which plaintiff claims were not included in the record,[1] and the ALJ's analysis of plaintiff's treating physicians.  It only stands to reason that if the items on defendant's list are properly reconsidered, such reconsideration may well impact findings in the areas of plaintiff's credibility, the weight to give treating physicians and the like.  The court does not determine whether specific errors occurred on the record presented, but determines that remand is required for a completely new determination at all steps of the sequential analysis.

If additional administrative proceedings would remedy the defects in the decision, remand is appropriate.  Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); Barbato v. Commissioner of Social Security Admin., 923 F. Supp. 1273, 1277-78 (C.D.Cal. 1996).  The court concludes, as did Barbato, that this case should be remanded for further administrative proceedings to enable the ALJ to obtain a more complete record, and to avoid the possibility of an inequitable result.

Accordingly, plaintiff's Motion for Summary Judgment is granted in part and denied in part without prejudice, the Commissioner's Motion for Remand is granted in part.  This matter is remanded to the Commissioner pursuant to sentence four of 42 U.S.C. §405(g) for further findings in accordance with this order.  Judgment shall be entered in favor of plaintiff.

DATED: 12/18/07

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

GGH:076
rasmussen.rem

---

[1] To the extent that plaintiff's counsel contends certain reports are missing from the record, on remand he can ensure that these reports will be properly before the agency for consideration.