IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK RASMUSSEN,

    Plaintiff,                                    CIV. S-06-2222 GGH

    vs.

MICHAEL J. ASTRUE,                        ORDER
Commissioner of Social Security,

    Defendant.
_____/

        Plaintiff's counsel, having been awarded $3,978.21 in EAJA fees[1] for court work in this Social Security disability case, has applied for fees pursuant to the retainer agreement and 42 U.S.C. § 406(b), so that the legally capped 25% of back benefits awarded to plaintiff will be payable to counsel.  That is, counsel seeks $34,519.00 in addition to the already awarded $3,978.21 so that the 25% figure ($38,497.21) is the amount counsel will actually receive.

        The Commissioner, acting not as an adversary but as an adviser to the court, does not contest the quality of the work, nor does the undersigned.  Counsel was not dilatory in his work.  The case involved matters routinely adjudicated in Social Security disability cases.

\\\\\

---

[1] This amount includes $95.83 in costs.  (Dkt. #25.)

1

1        The rather exorbitant amount of attorneys' fees sought stems from the addition of
2 the supposed auxiliary (children's) back benefits which are added to the claimant's in
3 determining the figure to which the 25% cap is to be applied. The Supreme Court has ruled that
4 the auxiliary benefits are to be included in the total amount of back benefits to be considered.
5 Hopkins v. Cohen, 390 U.S. 530, 88 S.Ct. 1146 (1968).

6        The Commissioner does, however, point out that no auxiliary benefits have been
7 awarded to plaintiff's beneficiaries. In fact, the Commissioner has attached an exhibit indicating
8 that one of plaintiff's beneficiaries, Christopher Hall, did not qualify for child's benefits. (Dkt. #
9 35, Ex. A.) This response set off a flurry of filings between the parties. Plaintiff has submitted
10 an email he sent to the Social Security Administration, dated February 23, 2010, asking the status
11 of when payment to the auxiliary beneficiary would occur. (Dkt. #42, Ex. A.) He has also
12 attached a letter from the SSA to plaintiff's counsel, dated January 31, 2010, indicating that SSA
13 has $17,487.25 still being withheld for additional fees. Plaintiff has not, however, submitted
14 evidence indicating that he applied for or was awarded auxiliary benefits. In fact, the
15 Commissioner filed a declaration by the Acting Chief of Court Case Preparation and Review
16 Branch 1 of the Office of Appellate Operations, Office of Disability Adjudication and Review,
17 which states that SSA records "show there is no evidence that an application for child's benefits
18 was filed by or on behalf of the plaintiff's daughter, Tara M. Rasmussen. In addition, there is no
19 evidence that benefits were awarded to Tara M. Rasmussen." (Dkt. #41, Sperling Decl., ¶
20 (3)(c).)

21       The court finds that the counsel's calculation of auxiliary benefits for the children
22 is simply a speculative calculation on what the benefits might have been had there been any
23 award of children's benefits. Nor in this attorneys' fees motion does the court have jurisdiction
24 to take up counsel's suggestion that the undersigned order the Commissioner to award children's
25 benefits. That matter is not before the undersigned, nor could it be on this record. There exist, as
26 seen for the older child, certain prerequisites before such benefits can be awarded – the first

being a filing of an application for children's benefits, an event apparently overlooked by plaintiff's counsel with respect to the younger child.

Because there is no evidence that auxiliary benefits were actually awarded, counsel's fee will be assessed based on the amount actually awarded, $91,149.00, and the auxiliary benefit award amount, $46,927.50, will not be considered. Therefore, the total amount requested by counsel will be reduced to $22,787.25.

Counsel filed for § 406(b) fees giving a brief listing of the hours that he expended on the case, amounting to a total of 36 hours. Counsel's normal billing rate is $300 per hour.

In Crawford v. Astrue, 586 F.3d 1142 (9th Cir. 2009) (en banc), the Ninth Circuit emphasized the "primacy" of the retainer agreement in assessing whether § 406 fees were reasonable. Factors which could detract from this primacy were whether counsel's work was poor, whether counsel had unnecessarily delayed work in the case (thus resulting in a higher back pay award from which fees could be computed) or that the § 406 fees requested would constitute a "windfall." However, this last term was undefined.[2] Computed hourly rates in the Crawford trilogy of combined cases of up to $900 per hour (computed by dividing the total amount sought by the number of hours expended) were found to be reasonable.

If the total fees sought by counsel, both from EAJA and § 406 (b) are considered, counsel's computed hourly rate would exceed $743 per hour.[3] Although Crawford, almost grudgingly, permitted a reviewing court to compare the actual computed hourly rate with a reasonable hourly rate, the Ninth Circuit evidently believes a rate of $900 per hour to be reasonable. There are no precise standards given in Crawford as to what might seem out of bounds for a reasonable hourly rate.

---

[2] In practice, the more efficient counsel is in court, the higher will be the hourly fee amount represented in a § 406 fee award.

[3] Counsel's hourly fee for the 406(b) motion based on 25% of past due benefits, or $22,787.25, is $632.97 per hour.

      Crawford also focused on the fact that in its cases, the attorneys involved, perhaps with a pang of conscience, did not seek to recover the entire 25% maximum allowed under the statute.  In the view of Crawford, this fact made the attorneys' requests reasonable.  There did not appear to have been an award of EAJA fees pertinent to the Crawford cases.

      The court is tasked with reviewing the reasonableness of § 406 (b) fee requests because these fees are taken from the amount of disability benefits, whose payment to the disability plaintiff has been delayed over the course of the disability adjudication in court. Generally, the disability claimants are not well to do.  Based on the Crawford court's finding that hourly rates of up to $900 were not excessive, counsel's request for $632.97 per hour appears acceptable.  As such, the undersigned could not apply Crawford and find the § 406(b) fees sought here unreasonable.  Reducing § 406(b) fees after Crawford is a dicey business.

Conclusion

      The Commissioner shall pay plaintiff's counsel in this case the sum of $22,787.25 in § 406(b) attorneys' fees.  The remainder withheld from the back benefits awardable to plaintiff ($3,978.21), i.e. the amount of EAJA fees already paid to plaintiff's counsel, shall be disbursed to plaintiff.

DATED: 07/30/2010                        /s/ Gregory G. Hollows

                                                U.S. MAGISTRATE JUDGE

GGH:076/Rasmussen2222.fee.wpd